**FILED**

**July 24, 2017**

**IN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time 2:29 PM**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | | |
|---|---|---|
| **Cody Bland,** | ) | **Docket No. 2016-06-1686** |
| **Employee,** | ) | |
| **v.** | ) | **State File No. 68258-2016** |
| **Mike Chitwood,** | ) | |
| **Employer.** | ) | **Judge Kenneth M. Switzer** |

---

## EXPEDITED HEARING ORDER GRANTING REQUESTED RELIEF

---

This matter came before the undersigned Workers' Compensation Judge on July 19, 2017, upon the Request for Expedited Hearing filed by Cody Bland. The central legal issues are whether Mr. Bland suffered an injury arising primarily out of and in the course and scope of his employment with Mike Chitwood and whether he worked as an employee or a subcontractor. A secondary issue is whether Mr. Bland qualifies for benefits from the Uninsured Employers Fund.

The Court holds Mr. Bland came forward with sufficient evidence to establish that his injury arose primarily out of his employment with Mr. Chitwood and he worked as an employee rather than a subcontractor. Thus, he is entitled to workers' compensation benefits. However, the Court cannot find at this time that he satisfied the statutory factors for applying for benefits from the UEF on the present record, as he did not provide the Bureau timely notice.

### History of Claim

Mr. Bland, a resident of Goodlettsville, Tennessee, began working for Mr. Chitwood in May 2016 as a laborer installing hardwood flooring. He worked full-time at the times and places that Mr. Chitwood set, earning an average weekly wage of $600 in cash. Mr. Chitwood provided the tools and materials. Mr. Bland's affidavit states that Mr. Chitwood was a subcontractor for McGrath Brothers Flooring.[1]

---

[1] Mr. Bland introduced no additional evidence to substantiate the business/employment relationship between Mr. Chitwood and McGrath. By joint stipulation, this Court previously entered an order conditionally dismissing Mr. Bland's case as to McGrath Brothers Flooring and Rick McGrath.

1

Mr. Bland testified that, on June 20, while using a table saw, the blade made contact with a knot in the wood, jerked and severely cut his left hand. He sought emergency treatment at Centennial Medical Center until the Air Evac Lifeteam flew him to Vanderbilt University Hospital. At Vanderbilt, Dr. Douglas Weikert surgically repaired the hand. Post-operatively, Mr. Bland saw Dr. Weikert and participated in occupational therapy.

Dr. Weikert provided an affidavit regarding his treatment. (Ex. 2 at 1-3.) He stated that he excused Mr. Bland from work from June 21 through September 21 and afterward placed Mr. Bland on restricted duty. Dr. Weikert concluded the injury "arises primarily out of the employment, meaning that more than 50 percent of the injury is due to the employment, considering all causes." The affidavit additionally said Mr. Bland is in need of further orthopedic care. Mr. Bland confirmed in his testimony that he believes his hand is only about "eighty percent" healed.

Mr. Bland's treatment resulted in medical bills totaling $78,904.31. The sums included: 1) Air Evac, $33,287.47; 2) Centennial Medical Center, $5,087.93; 3) Peakview Emergency Physicians, $1,776.00; 4) Radiology Alliance, P.C., $30.00; 5) Vanderbilt Medical Center, $38,639.00; and 7) Publix Pharmacy, $83.91. *Id.* at 74-90.

To obtain relief from these bills and other assistance, Mr. Bland filed a Petition for Benefit Determination on September 2. Upon receipt of the PBD, the Bureau initiated an investigation with the UEF to determine whether Mr. Chitwood carried workers' compensation insurance. A UEF investigator completed an Expedited Request for Investigation (Ex. 3), concluding there was no workers' compensation policy on the date of injury. Per the report, Mr. Chitwood said he was on the Exemption Registry and did not carry workers' compensation. The investigator asked if he had a copy of Mr. Bland's certificate of insurance or proof of exemption, and Mr. Chitwood replied that he did not. The report noted Mr. Chitwood "finally agreed he should have made sure Mr. Bland was compliant before hiring him." The investigator additionally made a "seven factors determination" as follows: 1) Mr. Chitwood was a subcontractor for McGrath Brothers and hired workers as needed; 2) Mr. Chitwood controlled the right to terminate; 3) Mr. Chitwood paid Mr. Bland as a "1099" worker in cash; 4) Mr. Chitwood controlled the selection and hiring of helpers; 5) Mr. Chitwood furnished the tools and equipment, and McGrath Brothers furnished the materials; 6) Mr. Chitwood set the hours of work; and, 7) Mr. Bland was not free to offer his services to other entities. *Id.* at 5-6.

Throughout this case, Mr. Chitwood failed to participate. He did not appear at the Expedited Hearing despite receiving written notice via certified mail. Mr. Bland testified that Mr. Chitwood was present when he became injured; he witnessed Mr. Bland's bloodied, injured hand but not the accident. Afterward, he never offered to pay for Mr. Bland's medical care or lost wages, and he terminated him immediately following the

2

accident. After Dr. Weikert placed Mr. Bland on limited duty, Mr. Bland attempted to return to work for two employers, Kroger and Goodwill respectively, but was unable to perform the assigned job duties due to the restrictions. The first job, with Kroger, began on January 1, 2017. Mr. Bland successfully returned to work for MGM Industries.

## Findings of Fact and Conclusions of Law

In order to grant the relief Mr. Bland seeks, the Court must apply the following legal principles. Mr. Bland bears the burden of proof on all prima facie elements of his claim. *See* Tenn. Code Ann. § 50-6-239(c)(6) (2016). At an expedited hearing, Mr. Bland has the burden to come forward with sufficient evidence from which this Court can determine he is likely to prevail at a hearing on the merits. *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

### *Compensability*

Applying these general principles to the issue of the compensability of Mr. Bland's claim, the Workers' Compensation Law defines an "injury" as "an injury by accident . . . arising primarily out of and in the course and scope of employment that causes . . . the need for medical treatment." Tenn. Code Ann. § 50-6-102(14). Further, an injury is "accidental" only if the injury is caused by a specific incident, or set of incidents, arising primarily out of and in the course and scope of employment.

Here, Mr. Bland's undisputed testimony proves that, while working for Mr. Chitwood on June 21, he injured his left hand, resulting in the need for surgery and rehabilitation. The medical records support his account of how he became injured, and he presented as an honest and credible witness. Accordingly, the Court holds Mr. Bland sustained an accidental injury caused by a specific incident arising primarily out of and in the course and scope of his employment with Mr. Chitwood.

With regard to Mr. Bland's employment status, Mr. Chitwood previously argued to the UEF investigator that Mr. Bland was a "subcontractor" or a "1099 worker" rather than an employee for purposes of the Workers' Compensation Law. To make this determination, the statute provides that the Court shall consider:

*(a)* The right to control the conduct of the work;
*(b)* The right of termination;
*(c)* The method of payment;
*(d)* The freedom to select and hire helpers;
*(e)* The furnishing of tools and equipment;
*(f)* Self-scheduling of working hours; and
*(g)* The freedom to offer services to other entities.

Tenn. Code Ann. § 50-6-102(12)(D)(i). Applying these factors to Mr. Bland's uncontroverted testimony and the UEF investigator's findings, the Court holds he was Mr. Chitwood's employee rather than a subcontractor. Mr. Bland performed work at an hourly wage for a forty-hour work week, which precluded other employment. Mr. Chitwood provided the tools, and he set the work hours. It appears Mr. Chitwood controlled all aspects of the worksite. The Court further holds, based upon the UEF investigator's findings, that Mr. Chitwood is a construction services provider as generally defined in Tennessee Code Annotated section 50-6-901(5) and that he failed to secure workers' compensation insurance or to determine that Mr. Bland is listed on the Exemption Registry as required by section 50-6-902.

*Requested Relief*

Turning first to the medical benefits Mr. Bland seeks, the Court holds that under Tennessee Code Annotated section 50-6-204(a)(1)(A), Mr. Chitwood must provide him with past and continuing reasonable and necessary medical treatment related to the injury. The Court appoints Dr. Weikert as the authorized treating physician. The Court further finds treatment with Centennial, Peakview Emergency Physicians, Radiology Alliance, Air Evac, Vanderbilt, Dr. Weikert and Publix appropriate because Mr. Chitwood failed to provide Mr. Bland medical care, requiring him to seek treatment on his own. *See Young v. Young Elec.*, 2016 TN Wrk. Comp. App. Bd. LEXIS 24, at *16 (May 25, 2016). The Court holds Mr. Chitwood responsible for immediate payment of these bills.

Next, Mr. Bland additionally seeks temporary total and partial disability benefits. *See* Tenn. Code Ann. § 50-6-207(1)-(2). In *Jones v. Crencor,* 2015 TN Wrk. Comp. App. Bd. LEXIS 48, at *7 (Dec. 11, 2015), the Appeals Board held: "An injured worker is eligible for temporary disability benefits if: (1) the worker became disabled from working due to a compensable injury; (2) there is a causal connection between the injury and the inability to work; and (3) the worker established the duration of the period of disability." While temporary total disability refers to the employee's condition while completely unable to work because of the injury until the worker recovers as far as the nature of the injury permits, "[t]emporary partial disability refers to the time, if any, during which the injured employee is able to resume some gainful employment but has not reached maximum recovery." *Frye v. Vincent Printing Co., et al.,* 2016 TN Wrk. Comp. App. Bd. LEXIS 34, at *15-16 (Aug. 2, 2016).

Here, the Court holds that Mr. Bland became disabled at work due to a compensable injury and a causal connection exists between the injury and his inability to work. With regard to the remaining factor for consideration, Mr. Bland introduced medical records into evidence excusing him from work from June 21 through September 21. After September 21, due to the termination, Mr. Chitwood made no effort to accommodate Mr. Bland's restrictions, forcing him to seek employment elsewhere. The

4

Court finds Mr. Bland was unable to return to work within his restrictions from September 21 through December 31. Therefore, Mr. Bland has come forward with sufficient evidence from which this Court concludes that he is likely to prevail at a hearing on the merits on the issue of temporary disability benefits for the above timeframe. Mr. Bland's compensation rate is $400 per week or $57.14 per day. He was restricted from work for 193 days, which totals $11,028.02 immediately due and owing.

*Uninsured Employer*

Finally, although this Court holds Mr. Chitwood must provide Mr. Bland with past and ongoing medical and disability benefits, it is unclear whether payment will occur because Mr. Chitwood did not have workers' compensation insurance at the time of the accident nor has he made any effort to participate in this case. The Bureau has discretion to pay limited temporary disability and medical benefits from the UEF to an employee who: 1) worked for an employer who failed to secure payment of compensation; 2) suffered an injury primarily arising in the course and scope of employment on or after July 1, 2015; 3) was a Tennessee resident on the date of the injury; and, 4) "provided notice to the bureau of the injury and of the failure of the employer to secure the payment of compensation within a reasonable period of time, *but in no event more than sixty (60) days after the date of the injury[.]*" Tenn. Code Ann. § 50-6-801(d)(1)-(4) (Emphasis added).

Based upon the evidence, the Court finds Mr. Bland was a Tennessee resident on June 20 and was an employee of Mr. Chitwood for purposes of the Tennessee Workers' Compensation Law. As of June 20, Mr. Chitwood failed to secure workers' compensation insurance. Mr. Bland suffered his injury after July 1, 2015, and the Court holds he is likely to prevail at hearing on the merits that he suffered an injury primarily within the course and scope of employment. At that time, Mr. Chitwood failed to provide workers' compensation insurance and likewise paid no medical or temporary disability benefits for Mr. Bland's claim.

However, the Court finds Mr. Bland provided notice to the Bureau of the injury and of Mr. Chitwood's failure to secure the payment of compensation seventy-two days after the date of injury. While the Court is mindful of the physical and financial hardships Mr. Bland suffered, the plain language of the statute requires notice "in no event" more than sixty days after the date of injury. Therefore, the Court concludes as a matter of law that he is not eligible for application for payment by the Bureau. This ruling does not prevent Mr. Bland from coming forward with additional evidence of contacts or notice to the Bureau in a subsequent hearing.

5

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Chitwood shall pay for past medical care in the sums outlined within this Order. Dr. Weikert shall continue to serve as the authorized treating physician. Mr. Bland or the medical providers shall furnish any other reasonable, necessary and related bills to Mr. Chitwood for prompt payment.

2. Mr. Bland is entitled to past temporary disability payments in the amount of $11,028.02 payable immediately as a lump sum.

3. Mr. Bland is not eligible at this time to receive medical and temporary disability benefits from the UEF.

4. This matter is set for a Scheduling Hearing on September 11, 2017, at 9:45 a.m. Central Time. The parties must call 615-532-9552 or 866-943-0025 toll-free to participate in the hearing. Failure to appear by telephone may result in a determination of the issues without your participation.

5. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). Mr. Chitwood must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance. For questions regarding compliance, please contact the Workers' Compensation Penalty Unit by email at WCCompliance.Program@tn.gov.

**ENTERED this the 24th day of July, 2017.**

**JUDGE KENNETH M. SWITZER**
**Court of Workers' Compensation Claims**

6

## APPENDIX

**Exhibits:**
1. Affidavit of Cody Bland
2. Employee Medical records
3. Expedited Request for Investigation Report
4. Memo confirming Mr. Bland's termination

**Technical Record:**
1. Petition for Benefit Determination, September 2, 2016
2. Request for Investigation
3. Dispute Certification Notice
4. Request for Expedited Hearing
5. Notice of Expedited Hearing and proof of delivery

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this Order was sent to the following recipients by the following methods of service on this the 24th day of July, 2017.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|------|------|------|------|
| Brian Dunigan, Employee's attorney | | | X | brian@poncelaw.com |
| Mike Chitwood, Employer | X | | | Mike Chitwood, Chitwood Floors, c/o Accurate Tax Service 2606 Eugenia Ave., Suite C Nashville TN 37211 |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov

7